UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


SHERMAIN W. COLEMAN

VERSUS

LEONARD W. EVANS, ET AL

CIVIL ACTION

NUMBER 09-1067-JJB-SCR

**RULING ON MOTION TO DISMISS**

Before the court is a Motion to Dismiss, or for other sanctions under Rule 37(b), Fed.R.Civ.P. filed by defendant Crete Carrier Corporation.[1] Record document number 19. No opposition has been filed.

Defendant's Motion to Dismiss is based on the plaintiff's failure to cooperate in discovery. The first basis for the motion is the plaintiff's failure to comply with the court's August 18, 2010 Ruling on Motion to Compel Discovery.[2] Defendant stated that discovery responses were received on September 1, 2010, but the authorization forms were not executed and provided with the discovery. The discovery response stated that the forms were submitted to the plaintiff for signature and would be provided on receipt.[3] However, as of the date of the filing of this motion,

---

[1] Defendant moved for dismissal as a discovery sanction under Rule 37(b). Because the record does not support dismissal at this time, a ruling is being issued rather than a report and recommendation.

[2] Record document number 15.

[3] Record document number 19-3, exhibit A, p. 9.

the release forms had not been executed and forwarded to the defendant. The second basis for the motion to dismiss is the plaintiff's failure to appear at his deposition scheduled for September 15, 2010. Despite the notice served on August 13, 2010 the plaintiff did not appear at the scheduled time and place for his deposition.[4] Based on this evidence of the plaintiff's refusal to cooperate and participate in discovery, the defendant argued that dismissal of the plaintiff's complaint with prejudice is warranted. In the alternative, the defendant requested that the plaintiff be sanctioned with an order that he pay the reasonable expenses incurred because of his failure to appear at the deposition, and also pay the defendant's expenses in connection with this motion.

The law governing dismissal as a sanction under Rule 37(b)(2), Fed.R.Civ.P. is well established. Under Rule 37(b), dismissal with prejudice as a sanction is a remedy of last resort only to be applied in extreme circumstances. *Batson v. Neal Spelce Associates, Inc.*, 765 F.2d 511, 515 (5th Cir. 1985), *aff'd,* 805 F.2d 546 (5th Cir. 1986); *Truck Treads, Inc. v. Armstrong Rubber Co.*, 818 F.2d 427, 430 (5th Cir. 1987); *Bluitt v. Arco Chemical Co.*, 777 F.2d 188, 190-91 (5th Cir. 1985). Several factors must be present before a district court may dismiss a party's case under

---

[4] Record document numbers 19-4, exhibit B; record document number 19-5, exhibit C.

Rule 37(b)(2). Dismissal with prejudice is appropriate only if the refusal to comply results from willfulness or bad faith, not from an inability to comply, and is accompanied by a clear record of delay or contumacious conduct.

Dismissal is generally inappropriate where neglect is plainly attributable to an attorney rather than a blameless client. The conduct must substantially prejudice the opposing party. Finally, dismissal is usually improper if a less drastic sanction would substantially achieve the desired deterrent effect of Rule 37. *U.S. v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003); *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380-81 (5th Cir. 1994).

The record clearly supports a finding that the failure to obey the order and participate in discovery is directly attributable to the plaintiff. Plaintiff's attorney provided discovery responses and attended the plaintiff's deposition. Plaintiff was obligated to execute and return the authorization forms and attend the scheduled deposition, but failed in both of these obligations.[5] Nevertheless, dismissal with prejudice is not yet warranted. At this juncture imposition of sanctions less severe than dismissal, such as monetary sanctions under Rule 37(b)(2)(C), are likely to substantially achieve the desired deterrent effect of Rule 37(b).

---

[5] The record reflects that plaintiff's counsel moved to withdraw the day after the plaintiff did not appear at the deposition. The motion was granted on September 20 and the plaintiff in now proceeding without an attorney. Record document numbers 17, motion, and 18, order.

The most appropriate action at this time is to award the reasonable expenses caused by the plaintiff's failure to obey the discovery order/cooperate in discovery, and give the plaintiff one more opportunity to execute and produce copies of the authorization forms and appear for his deposition.

Defendant requested an award of expenses for the plaintiff's failure to appear at the deposition. Defendant sought a total of $1,010.60, which represented five hours of attorney time at $175 per hour for preparation, travel and participation in the deposition, and $135.60 for court reporter expenses. Given that counsel for the defendant had to prepare for the plaintiff's deposition, travel to and from New Orleans and make a record of the plaintiff's failure to appear, this amount is reasonable. Defendant also requested costs incurred for having to file this motion, but did not submit anything to support an award for a specific amount. A review of the motion and memorandum supports the conclusion that $175.00 is reasonable to award for the costs incurred in connection with this motion. Therefore, the total monetary sanction the plaintiff will be ordered to pay is $1,185.60.

Accordingly, defendant Crete Carrier Corporation's Motion to Dismiss, or for other sanctions is granted in part, as follows.

1. Within 14 days, the plaintiff is ordered to execute and provide to the defendant all of the authorization forms

included in the defendant's Request for Production Number

2. Upon receipt of reasonable written notice of the date, time and place under Rule 30(b), the plaintiff is ordered to appear for his deposition within 30 days, or at a later time chosen by the defendant.

3. Within 30 days, the plaintiff is ordered to pay to the defendant monetary sanctions in the amount of $1,185.60.

**Plaintiff is placed on notice that his claims may be dismissed, with prejudice, if he fails to obey any part of this order, thereby demonstrating that the imposition of these lesser sanctions was not sufficient to obtain his cooperation in discovery.**[6]

Insofar as the defendant sought dismissal with prejudice as a sanction, it may do so again if the plaintiff does not comply with this ruling or again fails to cooperate in discovery.

Baton Rouge, Louisiana, December 9, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[6] It is well-settled that if lesser sanctions prove to be ineffective, a district court may properly dismiss a suit with prejudice. *See*, *F.D.I.C. v. Conner, supra.*