UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHERMAIN W. COLEMAN

VERSUS

LEONARD W. EVANS, ET AL

CIVIL ACTION

NUMBER 09-1067-JJB-SCR

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, March 28, 2011.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHERMAIN W. COLEMAN

VERSUS

LEONARD W. EVANS, ET AL

CIVIL ACTION

NUMBER 09-1067-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the second Motion to Dismiss filed by defendant Crete Carrier Corporation. Record document number 24. No opposition has been filed.

Defendant previously filed a Motion to Dismiss based on the plaintiff's failure to cooperate in discovery.[1] The first basis for the motion was the plaintiff's failure to comply with the court's August 18, 2010 Ruling on Motion to Compel Discovery.[2] The second basis for the motion was the plaintiff's failure to appear at his deposition scheduled for September 15, 2010. Defendant argued that dismissal of the plaintiff's complaint with prejudice was warranted. In the alternative, the defendant requested that the plaintiff be sanctioned with an order to pay the reasonable expenses incurred because of his failure to appear at the deposition, and also pay the defendant's expenses in connection with the motion.

---

[1] Record document number 19.

[2] Record document number 15.

After considering the applicable law,[3] and finding that the failure to obey the August 18, 2010 Ruling and participate in discovery was directly attributable to the plaintiff, the court nevertheless concluded that imposition of sanctions less severe than dismissal, such as monetary sanctions under Rule 37(b)(2)(C), Fed.R.Civ.P., were likely to substantially achieve the desired deterrent effect of Rule 37(b). In the Ruling on Motion to Dismiss issued December 9, 2010,[4] the defendant's motion was granted in part, as follows:

> Accordingly, defendant Crete Carrier Corporation's Motion to Dismiss, or for other sanctions is granted in part, as follows.
> 1. Within 14 days, the plaintiff is ordered to execute and provide to the defendant all of the authorization forms included in the

---

[3] The law governing dismissal as a sanction under Rule 37(b)(2), Fed.R.Civ.P. is well established. Under Rule 37(b), dismissal with prejudice as a sanction is a remedy of last resort only to be applied in extreme circumstances. *Batson v. Neal Spelce Associates, Inc.*, 765 F.2d 511, 515 (5th Cir. 1985), *aff'd,* 805 F.2d 546 (5th Cir. 1986); *Truck Treads, Inc. v. Armstrong Rubber Co.*, 818 F.2d 427, 430 (5th Cir. 1987); *Bluitt v. Arco Chemical Co.*, 777 F.2d 188, 190-91 (5th Cir. 1985). Several factors must be present before a district court may dismiss a party's case under Rule 37(b)(2). Dismissal with prejudice is appropriate only if the refusal to comply results from willfulness or bad faith, not from an inability to comply, and is accompanied by a clear record of delay or contumacious conduct. Dismissal is generally inappropriate where neglect is plainly attributable to an attorney rather than a blameless client. The conduct must substantially prejudice the opposing party. Finally, dismissal is usually improper if a less drastic sanction would substantially achieve the desired deterrent effect of Rule 37. *U.S. v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003); *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380-81 (5th Cir. 1994).

[4] Record document number 23.

2

defendant's Request for Production Number.
2. Upon receipt of reasonable written notice of the date, time and place under Rule 30(b), the plaintiff is ordered to appear for his deposition within 30 days, or at a later time chosen by the defendant.
3. Within 30 days, the plaintiff is ordered to pay to the defendant monetary sanctions in the amount of $1,185.60.

Plaintiff was cautioned about the possible consequences of failing to comply with the ruling:

**Plaintiff is placed on notice that his claims may be dismissed, with prejudice, if he fails to obey any part of this order, thereby demonstrating that the imposition of these lesser sanctions was not sufficient to obtain his cooperation in discovery.**[6]

[6] It is well-settled that if lesser sanctions prove to be ineffective, a district court may properly dismiss a suit with prejudice. *See*, *F.D.I.C. v. Conner, supra.*[5]

Finally, the December 9 Ruling provided that, "insofar as the defendant sought dismissal with prejudice as a sanction, it may do so again if the plaintiff does not comply with this ruling or again fails to cooperate in discovery." Plaintiff did not appeal the ruling to the district judge.

After the plaintiff failed to timely provide to the defendant all of the authorization forms (item 1 of the December 9 Ruling) the defendant filed this Motion to Dismiss. In a subsequent Supplemental Memorandum in Support of Motion to Dismiss, the defendant advised that the plaintiff failed to appear for his deposition scheduled for January 21, 2011 (item 2) and to timely

---

[5] *Id.,* (emphasis and footnote in original).

deposition scheduled for January 21, 2011 (item 2) and to timely pay the monetary sanction (item 3).

The reasons for not previously dismissing the plaintiff's complaint as a sanction no longer exist. Plaintiff's failure to obey the two discovery rulings and to appear for his rescheduled deposition demonstrate contumacious conduct and willful disobedience of the court's orders. Defendant is prejudiced in its ability to defend against the plaintiff's claims because it cannot depose the plaintiff and obtain relevant information about him and his claims. The court has tried lesser sanctions, without success. Under the applicable law, the record now clearly supports the sanction of dismissal with prejudice under Rule 37(b)(2).[6]

### **Recommendation**

It is the recommendation of the magistrate judge that the second Motion to Dismiss filed by defendant Crete Carrier Corporation be granted and the plaintiff's claims be dismissed with prejudice at plaintiff's cost.

Baton Rouge, Louisiana, March 28, 2011.

_[signature: Stephen C. Riedlinger]_
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[6] Defendant also sought an award of costs incurred for the plaintiff's failure to appear at his January 21 deposition. Given the recommendation that the plaintiff's case be dismissed with prejudice, another award of monetary sanctions is not warranted.